NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID F. RAZO,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7101

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 09-0854, Judge Alan G. Lance.

---

Decided: March 27, 2012

---

DAVID E. BOELZNER, Goodman, Allen & Filetti, of Richmond, Virginia, argued for claimant-appellant.

STACEY GRIGSBY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director,

and MARTIN F. HOCKEY, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and BRIAN D. GRIFFIN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before RADER, *Chief Judge*, and LOURIE and LINN, *Circuit Judges.*

RADER, *Chief Judge.*

The U.S. Court of Appeals for Veterans Claims ("Veterans Court") affirmed a Board of Veterans' Appeals ("Board") decision denying Mr. David F. Razo service connection for hearing loss. Because this appeal calls for the adjudication of factual disputes, this court dismisses for lack of jurisdiction.

I.

Mr. Razo served in the United States Army from June 1966 to June 1968. Mr. Razo's Department of Veterans Affairs ("VA") medical records from examinations between 1969 and 1973 indicated no hearing loss in either ear. During a VA neuropsychiatric examination in 1975, Mr. Razo reported that he experienced ringing in his ears and auditory hallucinations.

In April 2003, Mr. Razo filed a claim seeking service connection for hearing loss. Mr. Razo alleged he was exposed to a loud gun blast aboard a troop carrier in 1966 and began experiencing hearing loss and tinnitus at that time. In August 2003, the San Diego VA Regional Office denied Mr. Razo's claim for service connection. Mr. Razo timely filed a Notice of Disagreement. In June 2007, the Board also denied Mr. Razo's claim. On appeal, the Veterans Court remanded for the Board to determine

whether, pursuant to 38 U.S.C. § 5103A, the VA was required to provide Mr. Razo a medical examination or opinion to assist him in establishing a nexus between his hearing loss and noise exposure during service.

On remand, the Board found Mr. Razo's current level of hearing loss qualifies as a disability for VA benefit purposes, but found insufficient evidence that the hearing loss was related to Mr. Razo's active service. The Board found Mr. Razo's "recent statements regarding his history of hearing loss are not credible." Joint Appendix ("JA") at 22. The Board also detected "no competent evidence suggesting that the veteran's hearing loss is related to his active service." *Id.* at 18. Accordingly, the Board determined Mr. Razo was not entitled to a medical nexus opinion and denied his claim for service connection. The Veterans Court affirmed. Mr. Razo timely appealed to this court.

## II.

This court's jurisdiction to review Veterans Court decisions is strictly limited. Under 38 U.S.C. § 7292(a), this court may review "the validity of a decision of the [Veterans Court] on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Absent a constitutional issue, this court "may not review (A) a challenge to a factual determination or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

## III.

This court has considered Mr. Razo's claims of legal error by the Veterans Court. However, as the Veterans Court observed with regard to Mr. Razo's criticism of the

Board's reasons and bases for denying his claim, Mr. Razo's arguments before this court "ultimately amount[] to a mere disagreement with the Board's evaluation and interpretation of the evidence." *Razo v. Shinseki*, No. 09-0854, 2010 U.S. App. Vet. Claims LEXIS 1679, at *7 (Sept. 13, 2010).

Because this court is precluded from reviewing a challenge to factual determinations, this court dismisses Mr. Razo's appeal for lack of jurisdiction.

## DISMISSED

No costs.